**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**SABIEN RUFFIN**                                                                 **PLAINTIFF**

**v.**                                                   **CIVIL ACTION NO. 2:25-cv-169-TBM-RPM**

**CHARLIE TURNER** *et al.*                                              **DEFENDANTS**

## ORDER

This matter is before the Court on *pro se* Plaintiff Sabien Ruffin's [5] Motion for Preliminary Injunction. After smoking marijuana in his government-subsidized residence, the Laurel Housing Authority attempted to evict Ruffin. In response, Ruffin sued the Laurel Housing Authority and its employees on November 15, 2025, for alleged constitutional violations. On January 26, 2026, more than two months later, Ruffin moved for an *ex parte* temporary restraining order and a preliminary injunction. The next day, the Court denied the temporary restraining order and took the preliminary injunction under advisement. [6]; *see Ruffin v. Turner,* No. 2:25-CV-169-TBM-RPM, 2026 WL 220912, at *6 (S.D. Miss. Jan. 27, 2026). In doing so, the Court acknowledged that it was "prepared to set a hearing on the request for a preliminary injunction" and instructed Ruffin to provide the Defendants with a copy of the order. *Id.* To date, Ruffin has not provided the order to the Defendants or otherwise notified them of this action.

The Court will now consider the preliminary injunction. To obtain a preliminary injunction, the movant must prove the same four elements required for a temporary restraining order. *Richland Equip. Co., Inc. v. Deere & Co.*, No. 5:17-CV-88-KS-MTP, 2017 WL 7037742, at *1 (S.D. Miss. July 18, 2017). The movant must "clearly" establish: "(1) a substantial likelihood that they will prevail on the merits, (2) a substantial threat that they will suffer irreparable injury if the

injunction is not granted, (3) their substantial injury outweighs the threatened harm to the party whom they seek to enjoin, and (4) granting the preliminary injunction will not disserve the public interest." *Anibowei v. Morgan*, 70 F.4th 898, 902 (5th Cir. 2023) (quoting *Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 572–53 (5th Cir. 1974)). "The court may issue a preliminary injunction *only* on notice to the adverse party." FED. R. CIV. P. 65(a) (emphasis added). "The decision to grant or deny a preliminary injunction lies within the discretion of the district court and may be reversed on appeal only by a showing of abuse of discretion." *Anibowei*, 70 F.4th at 902 (quoting *Apple Barrel Prods., Inc. v. Beard*, 730 F.2d 384, 386 (5th Cir. 1984)).

The Court denied Ruffin's request for a temporary restraining order more than four months ago. Because of Ruffin's failure to comply with the Court's directive to provide the Defendants with the order, the record remains largely the same. Accordingly, the Court denies his request for a preliminary injunction for the same reasons set forth in its prior order. [6]. Ruffin has not established a substantial likelihood of success on the merits. First, his motion does not provide any case law or evidence to support his assertions. *Id.* at pps. 8–11. Second, Ruffin does not face a substantial threat of irreparable injury because he can obtain a preliminary injunction from a Mississippi circuit court. *Id.* at pps. 11–12. Third, if the Court denied the preliminary injunction, it is not apparent that Ruffin will suffer any harm. At the time Ruffin filed his motion, he appeared to still live at the residence, nearly two months after the eviction date. *Id.* at p. 12. Nothing in the record suggests that Ruffin has left the residence. Fourth, granting the preliminary injunction would disserve the public interest by effectively overriding the state court judicial process and could take at least one low-income housing opportunity off the market that a law-abiding citizen may need. *Id.* at pps. 12–13. Ruffin's failure to satisfy any of the four required elements requires a

denial. But even if Ruffin had satisfied his burden on the merits, the Court cannot enter a preliminary injunction because Ruffin has not notified the Defendants, despite the Court's instruction to do so. *See Richland Equip. Co., Inc. v. Deere & Co.*, 2017 WL 7037742, at *1 ("Defendant has not been served, and the record does not demonstrate that any notice has been provided to it. Therefore, the Court must deny Plaintiff's motion for preliminary injunction.").

IT IS THEREFORE ORDERED AND ADJUDGED that the portion of Ruffin's motion [5] for a Preliminary Injunction is DENIED.

This, the 8th day of June, 2026.

_____
TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE